**Shirley O'QUINN and Fidelity & Casualty Company, Plaintiffs,**

v.

**WEDCO TECHNOLOGY, INC., a New Jersey corporation, Defendant and Third–Party Plaintiff,**

v.

**POWERHOLD, INC., a Connecticut corporation, Third–Party Defendant.**

**No. 90–C–1014.**

United States District Court,
D. Colorado.

Oct. 1, 1990.

See also, —— F.Supp. ——.

Alan Higbie, Kathleen Carlson, Colorado Springs, Colo., for plaintiffs.

James Goldfarb, Arthur Kutzer, Denver, Colo., for defendant and third-party plaintiff.

Richard Angell, Denver, Colo., for third-party defendant.

**MEMORANDUM OPINION
AND ORDER**

CARRIGAN, District Judge.

Third-party defendant, Powerhold, has moved to dismiss Wedco's indemnification complaint against it. The issues have been thoroughly briefed and oral argument would not be helpful.

### I. Facts.

O'Quinn was injured while operating a lathe manufactured by Wadell. At the time of the accident, Wadell was a wholly owned subsidiary of Wedco. In the complaint, O'Quinn alleges that her hand was "seriously injured while using the bar-feed on a Wadell machine...." Plaintiffs' fourth amended complaint, ¶ 3. It is undisputed that the bar feed was manufactured by Powerhold.

Plaintiffs seek damages on three theories: (1) strict product liability; (2) negligence; and (3) breach of warranty. Asserting that Powerhold manufactured the component part being used by O'Quinn when she was injured, Wedco's third-party complaint seeks indemnification.

### II. Powerhold's Motion To Dismiss.

Powerhold asserts that Colo.Rev.Stat. § 13–21–111.5 (1987 Replacement Volume) and *Brochner v. Western Ins. Co.* 724 P.2d 1293 (Colo.1986) prohibit claims for indemnification in circumstances such as those here presented. Section 13–21–111.5 provides:

"In an action brought as a result of a death or an injury to person or property,

no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant...."

Powerhold claims, that because Wedco can not be held liable for damages greater than those attributable to its fault, Wedco has no right of indemnity against Powerhold. However, the statute does not make clear whether it applies to strict liability products cases, as distinguished from negligence cases.

In *Brochner,* the Colorado Supreme Court concluded that:

"the doctrine of indemnity insofar as it requires one of two joint tortfeasors to reimburse the other for the entire amount paid by the other as damages to a party injured as the result of the *negligence* of both joint tort feasors, is no longer viable, and is hereby abolished." *Id.* at 1299 (emphasis added).

However, the direct reference to negligent tortfeasors, and the footnote appended to this quote leave in question the applicability of the *Brochner* rationale and § 13–21–111.5 to strict product liability cases. In the footnote, the court stated "[t]he question of whether our common law doctrine of indemnity should be preserved or abolished in situations where the party seeking indemnity is ... without fault is not presented by the circumstances of this case." *Id.* at 1298 n. 6.

No subsequent case interpreting Colorado law has addressed this question. For several reasons, I conclude that § 13–21–111.5 should apply to strict product liability cases.

First, the Colorado General Assembly has eliminated the harsh common law rule that prohibited a contributorily negligent plaintiff from recovering any damages in a negligence action. Colo.Rev.Stat.1973 § 13–21–111 (1987 Replacement Volume). Pursuant to this section, a plaintiff's recovery is diminished by his, her or its percent-

age of fault. If the plaintiff was 50% or more at fault, recovery is totally barred.

Subsequently, the legislature determined that a similar system for reducing a plaintiff's recovery based on proportional fault was needed in strict product liability actions. Section 13–21–406 separately established that system. To avoid any possible confusion regarding the applicability of § 13–21–111 to strict product liability actions, § 13–21–406(4) states that § 13–21–111 shall not apply to any such product liability action.

Under prior law, § 13–21–406(3) established the extent to which joint tortfeasors were liable in product liability actions. Under this subsection, each defendant was only liable for the percentage of damages caused by his, her or its fault. However, if the defendant's fault was equal to or greater than the plaintiff's, the defendant was jointly and severally liable for all the damages. In 1986, the legislature decided to alter this scheme and it repealed 13–21–406(3). In the same bill, it enacted § 13–21–111.5.

If the legislators did not want § 13–21–111.5 to apply to strict product liability cases, they would have so declared as they did with regard to § 13–21–111. Section 13–21–111.5 and the repealed subsection of § 13–21–406 address the same issue, and were dealt with in the same bill. It is apparent that the legislature intended the new statute to replace the one it repealed as part of the same bill. I conclude that, if faced with this question, the Colorado Supreme Court probably would find that the legislature intended § 13–21–111.5 to apply to strict product liability cases.

Second, the express language of § 13–21–111.5 states that it applies to "an action brought as a result of a death or injury to person or property...." The legislature did not, limit the statute's applicability to negligence cases.

Third, although strict product liability is liability without regard to fault, § 13–21–406 reduces a plaintiff's recovery in such cases in proportion to his, her or its fault. In other words, even in strict liabili-

ty product cases, the trier of fact must assign comparative fault to the plaintiff and to each defendant. Section 13–21–406 relieves each strict liability defendant of liability for the percentage of damages caused by the plaintiff. There is no reason to assume that § 13–21–111.5 should not then operate to relieve a defendant for the damages caused by a third party. In fact, it would be illogical to conclude otherwise.

For these reasons, I conclude that the plaintiffs can not recover from Wedco damages for injuries caused by Powerhold. Therefore, Wedco is not entitled to be indemnified by Powerhold, and the third-party complaint must be dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6).

It is ordered that the third party complaint is dismissed.